IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KEYNEN GUIDER,                    :
        Plaintiff
                                  :

        vs.                       :    CIVIL NO. 1:CV-07-0103

                                  :
DEPARTMENT OF CORRECTIONS,
et al.,                           :
        Defendants


                M E M O R A N D U M


I.   *Introduction*.

        We are considering the motion of the pro se plaintiff,

Keynen Guider, for appointment of counsel under 28 U.S.C. §

1915(e)(1).

        Guider's complaint alleges Eighth Amendment violations

arising from a slip-and-fall occurring while he was imprisoned

at the Quehanna Boot Camp operated by the Pennsylvania

Department of Corrections (DOC). Plaintiff avers that nonmedical

DOC personnel failed to warn him of slippery conditions in a

walk-in refrigerator at the facility, resulting in his fall. He

also avers that DOC medical personnel then improperly treated

his injury.


II.  *Discussion*.

        This is a civil action, not a criminal one.  Hence,

the plaintiff has no constitutional or statutory right to

appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).   Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).   Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which provides that the court "may *request* an attorney to represent any person unable to afford counsel," (emphasis added), not that the court can direct a lawyer to do so.

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel. *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim."  *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).

If the plaintiff's case satisfies this initial test, the district court must consider the "*Tabron* factors," *Montgomery*, 294 F.3d at 505, although these factors are not meant to be exhaustive. *Tabron*, 6 F.3d at 157. The factors are:

> 1.  the plaintiff's ability to present his or her own case;
>
> 2.  the difficulty of the particular legal issues;
>
> 3.  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> 4.  the plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5.  the extent to which a case is likely to turn on credibility determinations, and;
>
> 6.  whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

"[V]olunteer lawyer time is a precious commodity, *id.* at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n. 10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

At this point in the litigation, we do not believe that Plaintiff has met his threshold burden of showing his case

3

has some arguable merit in fact and law. Plaintiff's complaint

alleges that DOC nonmedical personnel did not adequately advise

prisoners working in the kitchen that the refrigerator floor was

wet. At most, this is a negligence claim, and negligence is not

cognizable in a civil-rights action. *Kwasnik v. Leblon*, 2007 WL

1482002, at *4 (3d Cir. 2007)(per

curiam)(nonprecedential)(citing *Daniels v. Williams*, 474 U.S.

327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); *Bacon v. Carroll*,

2007 WL 1244353, at *1 (3d Cir. 2007) (per curiam)

(nonprecedential)(allegation that prison officials failed to

warn the plaintiff-prisoner about a wet floor amounted only to

claim of negligence which is insufficient for a civil-rights

action).

The claim against the lone DOC medical employee, Joe

Kilonoski, a nurse,[1] is that Kilonoski saw him immediately after

Plaintiff's fall and gave him the following treatment: asked him

where it hurt, asked him to lift his shirt, observed Plaintiff's

back from a distance of ten feet for abut two minutes, and then

gave Plaintiff about six 200 mg. Ibuprofen pills when Plaintiff

complained of pain. In the context of prison medical care, in

order to state a cognizable claim for the denial of medical

treatment, the plaintiff must allege that (1) he had a serious

medical need, and (2) that the defendant was deliberately

indifferent to that need. *Rouse v. Plantier*, 182 F.3d 192, 197

---

[1] Plaintiff spells the name "Kownoski."

4

(3d Cir. 1999). Medical malpractice is not enough. *Id.* Here,
Plaintiff makes a claim of negligence at best. Plaintiff did
receive treatment. It may not have been effective, but that does
not supply the deliberate indifference needed for an Eighth
Amendment claim.[2]

   We will issue an appropriate order.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: July 2, 2007

---

   [2] If Kilonoski had persisted in an ineffectual treatment,
there might be a civil-rights claim, *id.*, but Plaintiff alleges
only this one contact with him.

5

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KEYNEN GUIDER,                      :
        Plaintiff
                                   :

        vs.                        :    CIVIL NO. 1:CV-07-0103

                                   :
DEPARTMENT OF CORRECTIONS,
et al.,                            :
        Defendants
```

*O  R  D  E  R*

AND NOW this 2nd day of July, 2007, it is ordered that

Plaintiff's motion for appointment of counsel (doc. 22) is

denied.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge