```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

KEYNEN GUIDER,                      :
     Plaintiff
                                        :

     vs.                            :   CIVIL NO. 1:CV-07-0103

                                        :
DEPARTMENT OF CORRECTIONS,
et al.,                             :
     Defendants


*M E M O R A N D U M*

I.    *Introduction*.

       The pro se plaintiff, Keynen Guider, filed a 42 U.S.C. § 1983 complaint alleging Eighth Amendment violations arising from a slip-and-fall occurring while he was imprisoned at the Quehanna Boot Camp operated by the Pennsylvania Department of Corrections (DOC). Plaintiff avers that nonmedical DOC personnel failed to warn him of slippery conditions in a walk-in refrigerator at the facility, resulting in his fall. He also avers that DOC medical personnel then improperly treated his injury. Plaintiff named the following as defendants: the Pennsylvania Department of Corrections; George Patrick, Quehanna's superintendent; Ms. E. Gaines, a DOC kitchen worker at Quehanna; Mr. Mauer, the kitchen supervisor; Joe Kalinoski, a DOC nurse at Quehanna;[1] and J. Romeo, M.D., a doctor working at Quehanna but employed by an outside medical service.

---

    [1] Plaintiff spells his name "Kownoski."

We are considering the motion to dismiss of the self-styled "Corrections Defendants," all of the defendants except Dr. Romeo. We are also considering Plaintiff's motion to amend, which seeks to add as defendants superintendent Patrick; Kimberly Merrow, a DOC medical grievance officer; and D. Amos, DOC food service manager.[2]

In deciding the Corrections Defendants' motion to dismiss, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in Plaintiff's favor. *See Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). With this standard in mind, we set forth the background to this litigation, as Plaintiff alleges it.

II.   *Discussion*.

According to the complaint, while Plaintiff was working in the prison kitchen on November 27, 2006, at about 7:30 a.m., defendant Gaines told him to put some food in a walk-in refrigerator. After about two steps in, Plaintiff "slipped and landed directly on [his] back." (Compl., pp. 3-4). There

---

[2] Upon Plaintiff's motion, on April 17, 2007, we dismissed Patrick and the other Corrections Defendants except the DOC because Plaintiff had only wanted to sue the DOC. Apparently realizing that the DOC cannot be a defendant in a section 1983 action, Plaintiff has filed a his motion to amend so that individual defendants are in the action.

2

were no floor signs out, or any other warning, about a wet floor.

About fifteen minutes later, at 7:45 a.m., Plaintiff was sent to medical, where he was seen by Defendant Kalinoski. Kalinoski asked him where it hurt and to pull up his shirt while he observed Plaintiff's back from ten feet away, sitting in his chair. Kalinoski then told Plaintiff he was done after only two minutes of observation and that Plaintiff could go back to work. Plaintiff told him he needed something for the pain and Kalinowski gave him six 200 mg. Ibuprofen pills.

About three days later, on November 30, 2006, Plaintiff returned to medical because he was still having pain in his lower back. They told him he had to pay for that visit even though he informed them his injury was work-related. "The medical department stated that they could not see why [his] back was still hurting after two days, and that injuries like the one that [he] ha[s] the pain is gone by now." (*Id.*, p.4).

About a week later, on December 7, 2006, Plaintiff was seen by a physician's assistant named W. Civiello. Civiello told him he had "a lower back muscular strain." (*Id.*, p. 5). Plaintiff "was put on pain medication for 30 days (AKYMA 600 mg substitute for Motrin)." (*Id.*).

On December 15, 2006, Plaintiff went to medical to obtain approval for lower bunk status. He was seen by defendant Dr. Romeo. Dr. Romeo did not examine him and told him there was

3

no way he would approve him for bottom bunk status. In his "brief in support of civil rights complaint," Plaintiff contends that Dr. Romeo told him his problem was only muscular. (Doc. 11, p. 5)

Before the accident, Plaintiff never had any trouble with his back. Now he has pain on a daily basis. In his brief in support of his complaint (doc. 11) at page 5, he avers that the medical department admitted that between November 27, 2006, and January 8, 2007, the date of his release from Quehanna, Plaintiff was examined for back complaints numerous times but was only given Ibuprofen 600 mg. Plaintiff alleges he should have had an MRI. In his opposition brief to Defendants' dismissal motion, he adds that he has now been diagnosed with three dislocated discs. (Doc. 31, p. 3).

III. *Discussion*.

    A. *The Corrections Defendants' Motion to Dismiss*.

In moving to dismiss the complaint, the Corrections Defendants make the following arguments. First, Plaintiff has alleged only negligence by the kitchen staff, and negligence is not sufficient for a section 1983 action. We agree. *See Kwasnik v. Leblon*, 2007 WL 1482002, at *4 (3d Cir. 2007)(per curiam)(nonprecedential)(citing *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); *Bacon v. Carroll*, 2007 WL

4

1244353, at *1 (3d Cir. 2007) (per curiam) (nonprecedential) (allegation that prison officials failed to warn the plaintiff-prisoner about a wet floor amounted only to claim of negligence which is insufficient for a civil-rights action).[3] It is immaterial that Plaintiff was required to work in the kitchen.

Defendants next argue that the DOC cannot be sued under section 1983 because the DOC is not a "person" within the meaning of that section. We agree. *See Mendez v. Pa. Dep't of Corr.*, 2007 WL 1340896, at *1 (3d Cir. 2007)(per curiam)(nonprecedential) (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989)); *Ortiz v. Dep't of Corr.*, 2007 WL 906179, at *1 (M.D. Pa.) (Caldwell, J.).

Finally, the Corrections Defendants move to dismiss the claim against Kalinoski, arguing that Plaintiff has failed to allege an Eighth Amendment medical claim against him.

To state an Eighth Amendment claim for the denial of medical treatment in prison, the plaintiff must allege that (1)

---

[3] The Corrections Defendants' motion to dismiss was filed before Plaintiff moved to dismiss the individual defendants from the action and our grant of the latter motion. As it stands now, the Corrections Defendants' motion only applies to the DOC itself, the last DOC nonmedical defendant. In his opposition brief, Plaintiff indicates he now wishes to proceed against the dismissed defendants, arguing that his dismissal motion was not supported by a brief filed within ten days and hence should have been deemed withdrawn under Local Rule 7.5. (Doc. 31, p. 4). Since we granted Plaintiff's motion five days after it was filed, we reject this argument. However, even if we would agree to reinstate Patrick, Gaines, and Mauer as defendants, the failure of the complaint to plead more than negligence would require dismissal of the case as to them in any event.

he had a serious medical need, and (2) the defendant was deliberately indifferent to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id*. at 107, 97 S.Ct. at 293.

We agree with Defendants that Plaintiff fails to make an Eighth Amendment claim for the medical treatment Kalinoski gave him. Kalinoski did treat Plaintiff. It may have been negligent treatment, but that is not an Eighth Amendment violation.

B.   *Plaintiff's Motion to Amend*.

Plaintiff has moved to amend his complaint to add as defendants superintendent Patrick; Kimberly Merrow, a DOC medical grievance officer; and D. Amos, DOC food service manager. Patrick was already named as a defendant, but he was dismissed as a defendant upon Plaintiff's motion before Plaintiff apparently realized state agencies could not be sued under section 1983.

We need not grant a motion to amend if amendment would be futile. *See Hill v. City of Scranton*, 411 F.3d 118, 134 (3d

6

Cir. 2005). Here, Plaintiff's amendment would be futile so we will deny the motion. A review of the supporting brief indicates that Plaintiff seeks to add all three defendants on the basis of respondeat superior, but that doctrine does not apply in a section 1983 action. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *Mendez*, *supra*, 2007 WL 1340896, at * 1.

As to Merrow, the brief also asserts that she "examined the plaintiff herself and refused to give the plaintiff an X-ray or MRI." (Doc. 30., fourth page). However, we also note that in his "brief in support of civil rights complaint," Plaintiff avers that on December 4, 2006, Merrow saw Plaintiff and agreed that he did not have to pay for a medical visit since his injury was work-related. She also said that she was putting him "on the list to see the doctor." (Doc. 11, p. 4). Three days later Plaintiff was seen by Civiello, a physician's assistant.

It is apparent that Merrow saw Plaintiff for the purpose of resolving his complaint about his medical care and that she resolved that complaint in his favor, by deciding to refer him to "the doctor." Plaintiff was seen by Civiello, admittedly a physician's assistant, three days later. These allegations are not sufficient for an Eighth Amendment claim against Merrow because they do not establish the requisite state of mind for an Eighth Amendment claim, deliberate indifference to a serious medical need. *Cf. Spruill v. Gillis*, 372 F.3d 218,

236 (3d Cir. 2004) (no Eighth Amendment claim against nonmedical prison personnel for failing to respond to medical complaints when the inmate was already being treated by a doctor "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner").

We will issue an appropriate order. Our resolution of these motions means that only Dr. Romeo is left as a defendant in the case.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 5, 2007

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

KEYNEN GUIDER,                        :
     Plaintiff
                                                      :

     vs.                              :     CIVIL NO. 1:CV-07-0103

                                                      :
DEPARTMENT OF CORRECTIONS,
et al.,                               :
     Defendants

*O R D E R*

AND NOW, this 5th day of July, 2007, it is ordered that:

    1. The Corrections Defendants' motion to dismiss (doc. 24) is granted and the Pennsylvania Department of Corrections is dismissed from this case.

    2. Plaintiff's motion (doc. 29) to amend is denied.

                                    <u>/s/William W. Caldwell</u>
                                    William W. Caldwell
                                    United States District Judge